IN RE ESTATE OF BARBARA KAUFENBERG.
EMMA BAIER, APPELLANT.[1]

· February 27, 1931.

No. 28,353.

*Albert D. Flor,* for appellant.
*Mueller & Erickson,* for respondent.

PER CURIAM.

This is an appeal from an order denying a new trial in a case where the court had before it an appeal from an order of the probate court allowing an intermediate account of the executor in the estate of Barbara Kaufenberg, who died April 16, 1925, leaving a husband and children. Her will provided that the entire income from her property, and so much of the principal as in her husband's judgment might be necessary, should be used for his proper maintenance and care during the term of his natural life. She left legacies to certain of the children, and to others she left nothing, explaining the reason. Those children to whom nothing was left contested the will; but it was admitted to probate by the probate court and an appeal taken to the district court, where an agreement was arrived at by which the omitted children were to be paid $1,700 out of the estate and the appeal dismissed. The trial court found that all of the heirs, legatees, and devisees, including the appellant, had full knowledge of such

[1]Reported in 235 N. W. 379.

settlement and agreed thereto, and we find that this finding is supported by the evidence.

The executor was compelled to borrow money in order to pay the amount due the contestants in the will, and also to pay taxes, insurance, and the maintenance and care of the surviving husband.

The trial court found that all of these funds which were borrowed by the executor were borrowed pursuant to orders of the probate court based on the necessities of the situation and that such money was borrowed with the knowledge and consent of all the heirs, legatees, and devisees, including this appellant, and that such action was for the best interest of said estate and all therein interested. We find that this is supported by the evidence.

Items are also objected to which were paid to the surviving husband and accepted by him for his support and for taxes and repairs upon the homestead in which he resided. We take the view that the acceptance by him of any money in excess of the income of the estate which encroached upon the principal amounted to an exercise of the surviving husband's judgment that the principal should be encroached upon. It may be said in passing that the amounts were very small, and the court in our opinion was wholly justified in approving the account. So far as taxes and repairs are concerned, the surviving husband under the special circumstances here shown would have had a right to ask for sufficient moneys out of the estate to make these expenditures himself. The fact that they were made by the executor for him has not prejudiced this appellant, nor was she prejudiced by the fact that the executor paid her father's funeral expenses. There is no showing in the record that he had any estate of his own, and she and the other heirs would have been under obligations to pay these very moderate charges if they had not been paid by the executor.

The order appealed from is affirmed.